803 F.2d 722
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-appellee
v.
REMILEKUN OLUSHOGA, Defendant-appellant.
 No. 85-3786.
 No. 85-3787.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1986.
 
 BEFORE: MERRITT, KRUPANSKY, and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant-appellant Remilekun Olushoga ("defendant") appealed a jury verdict finding him guilty on three counts of an indictment charging him for making false statements to the United States Immigration and Naturalization Service ("INS") in violation of 18 U.S.C. Sec. 1001 (the "Act"). He was sentenced to three concurrent one-year terms of imprisonment commencing on September 9, 1985.[1]
 
 
 2
 The defendant was born on May 14, 1952 in Nigeria and was a Nigerian citizen. In 1972 he moved to Frankfort, West Germany where he worked as a newspaper delivery man and as an auto mechanic. On July 26, 1977, the defendant was convicted in West Germany for dealing in heroin under the alias of Remi Ade Allison and sentenced to four years imprisonment. Although a search of the record did not disclose what actually transpired after his sentencing, the defendant testified that through the efforts of the Nigerian Embassy, his exile from Germany to Nigeria was effected without having served any part of his prison term. The defendant subsequently entered the United States on a business visa in 1978, and settled in Cincinnati, Ohio.
 
 
 3
 On November 25, 1978, in order to enroll in undergraduate college at Northern Kentucky University, the defendant filed an application for Change of Nonimmigrant Status with the INS (commonly known as Form "I-506"). In item number 26 of the application, the defendant attested that he had not been arrested or convicted of any criminal offense in the U.S. or in any foreign country. This misrepresentation was charged in Count One of the indictment herein.
 
 
 4
 On April 23, 1980, the defendant married a U.S. citizen. He continued to reside in Cincinnati and to attend Northern Kentucky University. On February 4, 1983, he applied (on Form "I-485") for permanent residence in the United States, which was granted on April 7, 1983. In response to questions 17, 18 and 19 on the application, the defendant attested, inter alia, that he had never been arrested, convicted or confined in a prison; nor that he had ever been convicted of any law or regulation relating to narcotic drugs or marijuana. This misrepresentation was charged in Count Two of the indictment herein.
 
 
 5
 On April 4, 1984, the defendant in a sworn statement to an INS official, stated that he had never been arrested outside the U.S., that he had never been charged with any offenses outside the U.S., and that he had never been to Germany. This misrepresentation was the offense charged in Count Three of the indictment herein.
 
 
 6
 Thereafter, the defendant obtained his Bachelors degree from Northern Kentucky University and pursued a Masters degree in criminal justice at Xavier University until May 20, 1985, when he was arrested pursuant to the three count indictment under which he was convicted.
 
 18 U.S.C. Sec. 1001 provides:
 Statements or entries generally
 
 7
 Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.
 
 
 8
 The elements essential to sustain a conviction under the Act are: (1) a statement; (2) that is false; (3) made with a specific intent to deceive; (4) a federal department or agency; and (5) is material. See United States v. Aarons, 718 F.2d 188, 190, 193 (6th Cir. 1983), reh'g. denied, 734 F.2d 1180 (1984); see also United States v. Lange, 528 F.2d 1280, 1287 (5th Cir. 1976). The government was required to prove each element beyond a reasonable doubt. Lange, 528 F.2d at 1288. On review of the jury's verdict, the evidence adduced at trial must be viewed in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), and all reasonable inferences and credibility choices that support a guilty verdict must be made. Lange, 528 F.2d at 1287.
 
 
 9
 In the case at bar, the defendant charged that the government had failed to prove that he had the specific intent to deceive the INS necessary to support his conviction. Cf. United States v. Dothard, 666 F.2d 498, 503 (11th Cir. 1982); Lange, 528 F.2d at 1286. At trial, the defendant endeavored to demonstrate his state of mind at the time he completed the INS forms by testifying that he answered the controversial questions as he did upon the advice of legal counsel. The defendant claimed that his attorney advised him that if he was a minor when he committed the drug-related offenses, his illicit conduct constituted juvenile delinquency and he would not therefore be considered as having been convicted for a "crime" that had to be reported in his INS applications. Accordingly, this proffered testimony was calculated to prove that the defendant did not have a specific intent to falsify his statements to the INS because, as a result of counsel's advice, he believed that he had never been guilty of committing any crimes contemplated by the application forms. The government, however, objected to the testimony and it was excluded by the trial court as hearsay. The defendant charged that the trial court thereby committed prejudicial error mandating reversal and a new trial.
 
 
 10
 Rule 801(c) of the Federal Rules of Evidence provides that an out of court statement is hearsay if it is offered to prove the truth of the matter asserted. The defendant herein did not offer the testimony concerning his attorney's advice as evidence that he had not completed the INS forms as charged by the government.[2] Rather, it was offered to prove that pursuant to his attorney's advice, he completed the INS forms with the good faith belief that his illicit conduct in Germany was not considered to be a crime of such magnitude that it would require disclosure on the INS forms. See, e.g., United States v. Leake, 642 F.2d 715, 720 (4th Cir.1981)(It was prejudicial error to exclude defendant's testimony which indicated that he believed funds were being used legitimately in a misappropriations case. The statements were admissible to show the defendant's state of mind, tending to negate the element of specific intent to engage in making illegal payments.). Accordingly, the testimony at issue should have been received and it was error to exclude it.
 
 
 11
 Even assuming, arguendo, that the testimony was hearsay, it nevertheless should have been permitted under the state of mind exception embodied in Rule 803(3) of the Federal Rules of Evidence. Rule 803(3) provides in pertinent part that "[a] statement of the declarant's then existing state of mind . . . (such as intent . . .)" shall not be excluded by the hearsay rule. Therefore, because the defendant's intent was a critical element of Sec. 1001 of the Act, his testimony as to his state of mind at the time he completed the INS forms came within the Sec. 803(3) exception. See, e.g., United States v. Pheaster, 544 F.2d 353, 376 (9th Cir. 1976)(hearsay evidence is admissible if it bears on the state of mind of the declarant and if that state of mind is an issue in the case); and United States v. Taglione, 546 F.2d 194 (5th Cir. 1977)(defendant's testimony concerning advice from his attorney was admissible under Rule 803(3) as a statement of the defendant's then existing state of mind since the defendant's specific intent to commit the crime was at issue).
 
 
 12
 However, notwithstanding these conclusions, the overwhelming evidence of record discloses that the trial court's error in excluding the testimony was harmless beyond a reasonable doubt.[3] See United States v. Gibson, 675 F.2d 825, 834 (6th Cir. 1982), cert. denied, 459 U.S. 972 (1982). Therefore, the district court's error does not rise to the level of reversible error.
 
 
 13
 The defendant's remaining assignments of error have been considered by this court and are not well-taken. Accordingly, the judgment of the district court is hereby AFFIRMED.
 
 
 
 [1]
 Counts One, Two and Three of the indictment propounded the following charges against the defendant predicated upon violations of the Act:
 Count One: That Olushoga on or about November 25, 1978 failed to represent on an application for change of non-immigrant status (Form I-506) submitted to the immigration and naturalization service that he had been arrested or convicted of a criminal offense in the United States or in any foreign country;
 Count Two: That on or about April 7, 1983 Olushoga failed to disclose on an application for status as a permanent resident (Form I-485) submitted to the Immigration and Naturalization Service that he had been arrested, convicted or confined in a prison and that his arrest, conviction or confinement related to a violation of a law or regulation relating to narcotic drugs;
 Count Three: That on or about the fourth day of April, 1984 Olushoga made false and fraudulent statements to the Immigration and Naturalization Service in a sworn statement that he had never been charged with any offense outside of the United States.
 
 
 [2]
 Nor was the defendant asserting reliance on counsel's advice as a defense to the charged Sec. 1001 violation
 
 
 [3]
 For instance, the record disclosed that the defendant was at least 23 years of age during his involvement with heroin trafficking in Germany. Therefore he was not a minor, and could not have harbored a good faith belief that his illicit conduct was delinquent and not criminal. Furthermore, in his sworn statement to INS officials on April 4, 1984 which formed the basis for Count 3 of the indictment, the defendant stated that he had never been to Germany. Since the defendant conceded at trial that he in fact had lived in Germany, that was clearly an intentionally false statement failling outside the parameters of the "attorney's advice" justification